Katherine BRINK, Individually and as a Class Representative, Appellant,

v.

UNITED MISSOURI BANK SOUTH, a corporation, Respondent.

No. WD 36874.

Missouri Court of Appeals, Western District.

March 11, 1986.

Allan J. Fanning, Kansas City, for appellant.

Daniel L. Fowler, Kansas City, Watson, Ess, Marshall & Enggas, for respondent.

Before TURNAGE, DIXON and LOWENSTEIN, JJ.

DIXON, Judge.

Plaintiff Katherine Brink, as class representative, appeals from the trial court's entry of summary judgment in favor of defendant United Missouri Bank South (Bank) in an action brought to recover funds deposited with the Bank. The issue on appeal is whether Chapter 436, RSMo (1978), as it read at the time the funds were deposited, imposed a standard of care on defendant with respect to payment from the accounts in which the funds were deposited. The sections of Chapter 436 involved in this case have now been repealed and new statutes enacted in lieu thereof. Laws of Mo.1982, p. 613.

Brink filed the class action on behalf of herself and 87 other persons who had purchased pre-need funeral arrangement contracts from Wornall Funeral Home. There is nothing in either the pleadings or the affidavits which specifically shows who opened the accounts. The accounts are in the name of Wornall Funeral Home and an individual. Most or all of the accounts with defendant bank were opened in 1978 and 1979, and all but one of those accounts were designated as a joint savings W.R. O.S. account. A few of the account cards added the word "for" or the letters "T/F" after the name of the funeral home and before the name of the individual. Max Steele was manager of Wornall Funeral Home. Correspondence with the funeral home was sent in "c/o" Steele, and it was Steele's signature that appeared on Wornall Funeral Home's signature card at defendant bank. Steele was, so far as appears, in complete charge of the affairs of Wornall Funeral Home at United Missouri Bank South. Steele, without the consent or knowledge of the individual purchasers, gradually withdrew funds from the individual accounts or had funds transferred from the individual accounts to his personal bank account. In 1980, Wornall Funeral Home went out of business. Brink and the other members of the class have not been reimbursed.

Brink's petition was in five counts. Counts I and II were against the trustee of the funeral home, Count III was against defendant Bank, Count IV against a savings and loan association, and Count V was against another corporation and its officers and directors. It was Count III of the petition upon which summary judgment was granted in favor of the Bank and it is

that count which is involved in this appeal. The judgment was specifically designated as a final judgment for purposes of appeal. Rule 81.06.

Count III is almost incomprehensible because of its fragmentary nature and lack of proper grammatical construction. Given its most favorable intendment, it alleges that "joint" or "trust" accounts were established in defendant Bank by Wornall Funeral Home. It further alleges defendant Bank was negligent toward each class member in allowing withdrawals of said deposits in violation of §§ 436.010 to 436.-040, RSMo 1978. The balance of the allegations contained in Count III are directed to the class action aspect of the pleading.

The bank responded to the petition and filed an affidavit of one of its cashiers which described the bank's customary practice with and treatment of joint accounts. The cards referred to as signature cards were in evidence. Brink filed an affidavit of her attorney which did not controvert factually any of the facts contained in the bank affidavit. Suggestions in support and in opposition to the motion for summary judgment were filed.

Summary judgment is an extreme and drastic remedy and may be granted only when the pleadings, depositions, and admissions and affidavits on file show there is no genuine issue as to any material fact. Rule 74.04(c); *Pitman Manufacturing Co. v. Centropolis Transfer Co.*, 461 S.W.2d 866, 872 (Mo.1970). The general rule with respect to review of a summary judgment is that the reviewing court must determine whether there is an issue of fact to be tried or whether the prevailing party is shown by unassailable proof to be entitled to judgment as a matter of law. Rule 74.04(h), *City of Kirkwood v. City of Sunset Hills*, 589 S.W.2d 31, 34 (Mo.App.1979). The review is equivalent to the review of a court-tried or equity proceeding, and if as a matter of law, the judgment is sustainable on any theory, the judgment of the trial court must be sustained. *City of Kirkwood*, 589 S.W.2d at 34. When facts are set forth in affidavits in support of motions for summa-

ry judgment and there is no denial of those facts under oath, the facts are deemed admitted for the purpose of ruling the motion for summary judgment. *Dietrich v. Pulitzer Printing Co.*, 422 S.W.2d 330, 333 (Mo.1968); *Jones v. Maness*, 648 S.W.2d 629, 632 (Mo.App.1983).

The plaintiff's petition does not allege that either the bank or Wornall Funeral Home complied with the statute in creating the accounts in question. The proof by affidavit, undenied by plaintiff, is that the depository contract governing the accounts permitted either person to withdraw funds. The deposit agreement which appeared on the reverse of the signature card reads in pertinent part as follows:

Where more than one name is shown on the first line on the face of this card, all funds deposited in the account (and, in case of a Savings Account or a Checking + Interest Account, all interest accrued) shall be the property of the named depositors as joint tenants and payable to (or, in the case of accounts other than Savings, to the order of) either (any) of them or the survivor or survivors, ....

The factual proof demonstrates conclusively the accounts were not set up as the statutes provided. The petition does not allege the Bank knew that the funds were intended as pre-need deposits with Wornall Funeral Home. The proof does not show any such knowledge on the part of the Bank. The sole allegation of a cause of action against the Bank was that the bank "was negligent toward each class member in allowing *withdrawals of* [deposits made by Wornall Funeral Home, Inc.] in violation of R.S.Mo. (1978), Section [sic] 436.010 to 436.040." (Emphasis added). Plaintiff's only contention is that the trial court erred in granting summary judgment in favor of the bank because the trial court erroneously construed Chapter 436 as not imposing any standard of care on banks administering funds within Chapter 436. The statute governing such accounts and withdrawals read as follows:

**Money held on deposit, how long— withdrawal by seller.**—1. All such mon-

ey deposited with a bank, trust company, or savings and loan association authorized to do business in this state shall be deposited in an account in the joint names and under the joint control of the purchaser and the seller, to be so held until the expiration of at least five days after the death of the person for whose services such funds were paid, and the money held in such account shall be released to the seller upon the expiration of such period and upon furnishing to said bank, trust company, or savings and loan association, of a certified copy of the death certificate of such person, together with a verified statement setting forth that all of the terms and conditions of such agreement, contract or plan have been fully performed by the seller; provided, however, that if, at any time prior to the expiration of such period, the purchaser shall so request, the funds held in such account shall be withdrawn by joint action of the purchaser and seller, whereupon the purchaser shall be entitled to receive a refund of ninety percent of the amounts deposited by him in said account, and the seller, in consideration of his expenses and prior undertakings with respect thereto, shall receive the remainder of the funds so withdrawn, and the agreement, contract or plan shall be deemed to have been terminated and canceled.

§ 436.030, RSMo 1978 (repealed 1982).

Since the proof does not show and no allegation is made that any member of the plaintiff class had died at the time his or her funds were withdrawn from the Bank, the provisions of the statute which dealt with withdrawal of funds by the seller upon death of the purchaser are in no way applicable to this case. It is unnecessary to discuss whether the bank would have a standard of care in that instance. The language which is pertinent to this case is that which required that the funds be "deposited in an account in the joint names and under the joint control of the purchaser and the seller" and that which required any withdrawals prior to death be made by the "joint action of the purchaser and seller."

The terms "joint control" and "joint action" as they refer to the purchaser and seller indicate that the account should have been set up in such a form that the signatures of both the purchaser and seller were required before funds could be withdrawn from the account prior to the death of the purchaser. The pleadings do not aver, and the evidence presented does not show that the bank was apprised of the need of an account which would be under such joint control as to require two signatures for withdrawals of the funds. There is no evidence that the bank was apprised of the nature of the accounts. There was no duty under the statutes as they existed when these accounts were created for the bank to take any action to determine the type of account to be created. In fact, the enforcement section of the statute, § 436.070 specifically placed the duty upon the seller of the pre-need contract to deposit the funds in accordance with the statute. Section 436.070, in pertinent part read as follows:

Any individual, firm, partnership, corporation or association, and any officer, director, partner, agent or employee thereof who, *as seller* under an agreement, contract or plan subject to the terms of sections 436.010 to 436.080, makes or attempts to make any contract in violation of sections 436.010 to 436.-080, in the handling of moneys paid thereunder, ....

§ 436.070, RSMo 1978 (repealed 1982) (Emphasis added).

New statutes have been enacted in lieu of those in question, see Chapter 436, RSMo Supp.1984, but the new provisions are not applicable to this case and it is unnecessary to discuss them here. Chapter 436, RSMo 1978, itself, demonstrates that the bank was not negligent under that Chapter as a matter of law.

Moreover, even if the accounts are characterized as trust accounts, the Uniform Fiduciaries Law as adopted in Missouri, §§ 456.240–.350, RSMo 1978, relieves the depository bank of seeing that the fiduciary funds are properly applied. *Dean v.*

*Centerre Bank,* 684 S.W.2d 373, 374 (Mo. App.1984).

The parties have extensively argued the issue of whether the accounts could have been statutory joint tenancies under § 362.-470, RSMo 1978, since they were not in the names of two natural persons. The issue is immaterial; the case does not involve any issue of the right of a survivor to take the account. The depository contract clearly permitted either of the names designated on the signature card to withdraw the funds and whether or not the account created any rights of survivorship is immaterial.

Because the pleadings revealed no genuine issue as to any material fact and showed the bank to be entitled to judgment in its favor as a matter of law on the theory presented by the pleadings, summary judgment was proper in this case. Rule 74.04(c). The judgment of the trial court is affirmed.

All concur.